### JOHN L. ROBINSON *vs.* AMOS AUSTIN.

An action of tort for the conversion of goods will not lie against a carrier for omitting seasonably to deliver the goods, without a previous demand.

ACTION OF TORT for the conversion of a box containing one hundred and thirty two pairs of shoes.

At the trial in the court of common pleas, the plaintiff proved that he was a manufacturer of shoes in Lynn, and was accustomed to send shoes over the Eastern Railroad to be made by workmen in Seabrook, N. H.; whence they were returned in the same manner, and received by the defendant at Lynn, and by him delivered at the plaintiff's place of business; that a box containing one hundred and thirty two pairs of shoes was delivered by one of the workmen to the carrier on a Friday, and arrived at the railroad station in Lynn on the next day, and was put by the defendant in charge of the depot-master until Monday morning, when the defendant took them to his house and kept them until after this action was commenced, which was on the next Wednesday; and that it was the practice of the defendant and others, who carry goods and merchandise from the Lynn station to various places of business in Lynn, to carry and deliver such goods as this box of shoes, within two or three hours after their arrival.

Upon this evidence, *Briggs,* J. ruled that the action could not be maintained, without proof of a demand for the goods; and the jury, by his instruction, returned a verdict for the defendant. The plaintiff alleged exceptions.

*S. H. Phillips,* for the plaintiff.

*S. C. Bancroft,* for the defendant.

METCALF, J. By the second section of the practice act, ( *St.* 1852, *c.* 312,) the form of declaration theretofore used in the action of trover is abolished; and by the ninety-first section a form of declaration is prescribed, which the plaintiff in this case has adopted; to wit, " the plaintiff says the defendant has converted to his own use a box containing one hundred and thirty two

pairs of shoes, the property of the plaintiff." But, by the sixth section of the same act, it is provided that the changes in the forms of actions and declarations shall not be deemed to change any of the rules of evidence. It is necessary, therefore, in order to maintain the present action, that the evidence should be such as would have proved a conversion in an action of trover at common law. But the evidence, at the trial, did not prove a conversion, in its legal sense. It proved only that the defendant omitted seasonably to deliver the shoes to the plaintiff. This was mere negligence and nonfeasance, which do not constitute a conversion. Proof that the defendant did some positive wrongful act is necessary to support an action of trover. *Bromley* v. *Coxwell*, 2 Bos. & Pul. 438. *Ross* v. *Johnson*, 5 Bur. 2825. *Severin* v. *Keppell*, 4 Esp. R. 156. A refusal by the defendant to deliver the shoes, after a demand made for a delivery, would have been evidence of a conversion. But no demand was proved.　　　　　　　　　　　　　　　　*Exceptions overruled.*